LIPSON NEILSON, P.C.
JOSEPH P. GARIN, ESQ.
Nevada Bar No. 6653
KALEB D. ANDERSON, ESQ.
Nevada Bar No. 7582
9900 Covington Cross Drive, Suite 120
Las Vegas, Nevada 89144
(702) 382-1500
(702) 382-1512 – fax
jgarin@lipsonneilson.com
lzastrow@lipsonneilson.com
*Attorneys for Defendants, Jane C. Ettinger Booth
and Booth & Booth, APLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RADHIKA POCHAMPALLY, an individual,<br><br>Plaintiff,<br><br>v.<br><br>JANE C. ETTINGER BOOTH, an individual, and BOOTH & BOOTH, APLC, and DOES 1 through 50 inclusive,<br><br>Defendants. | CASE NO.: 2:17-cv-02895-JCM-NJK<br><br>STIPULATION AND ORDER TO STAY DISCOVERY AND THE FILING OF A DISCOVERY PLAN PENDING FINAL RESOLUTION OF DEFENDANTS' RULE 12 B MOTION TO DISMISS / TRANSFER (ECF NO. 10) |

COME NOW Plaintiff and Defendants, through their counsel of record, and stipulate as follows:

1.      On November 17, 2017, pro se Plaintiff filed her Complaint in the instant action. ECF No. 1. The Complaint has causes of action for Malicious Prosecution; Conspiracy to Commit Malicious Prosecution; Abuse of Process; Fraud; Intentional Infliction of Emotional Distress; Loss of Consortium and Interference with Parental Rights and Visitation; and Defamation, Libel and Slander.

2.      On December 13, 2017. Defendants filed a Rule 12 B Motion to Dismiss Due to Lack of Personal Jurisdiction and Improper Venue, or Alternatively, to Transfer Pursuant to 28 U.S.C. § 1631 ("Defendants' Motion to Dismiss/Transfer"). ECF No. 10. The primary arguments of the Motion are that (1) this Court does not have Personal Jurisdiction over the Defendants (attorneys in Louisiana), and alternatively (2) that

LIPSON NEILSON, P.C.
9900 Covington Cross Drive, Suite 120
Las Vegas, Nevada 89144
(702) 382-1500 – fax (702) 382-1512

LIPSON NEILSON, P.C.
9900 Covington Cross Drive, Suite 120
Las Vegas, Nevada 89144
(702) 382-1500 – fax (702) 382-1512

1  venue is improper and the case should be transferred to the Eastern District of

2  Louisiana.

3     3.     Briefing on Defendants' Motion to Dismiss/Transfer is Complete.

4     4.     No Discovery has been done in this case pending the Court's ruling on

5  Defendants' Motion to Dismiss/Transfer.

6     5.     The Parties seek a stay of Discovery and the filing of a Discovery plan

7  until after the Court rules on Defendants' Motion to Dismiss/Transfer.

8     6.     Federal district courts have "wide discretion in controlling discovery." *Little*

9  *City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988)

10    7.     This Court has formulated three requirements to determine whether to

11 stay discovery pending a potentially dispositive motion. These requirements are as

12 follows: **(1)** the pending motion is dispositive; **(2)** the potentially dispositive motion can

13 be decided without additional discovery; and **(3)** the Court has taken a "preliminary

14 peek" at the merits of the potentially dispositive motion to address its merits. *Kor Media*

15 *Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013). Here, the factors support a

16 stay of litigation.

17    8.     The pending motion is dispositive: Defendants' Motion to

18 Dismiss/Transfer is primarily a motion to dismiss based on this Court's lack of personal

19 jurisdiction over the Defendants. While the parties may disagree on the merits of this

20 argument, they both agree that if the Motion to Dismiss portion of the Motion is granted,

21 it will be dispositive of the case in its entirety. Defendants Motion to Transfer is only

22 made in the alternative.

23    9.     The dispositive motion can be decided without additional discovery:

24 Neither party argues that additional discovery is needed in order for the Court to make a

25 decision on the pending Motion to Dismiss/Transfer. The parties believe the Court need

26 only look to the allegations of the Complaint to determine if there is a claim.

27    10.    This Court can take a preliminary peek at the merits of the Motion to

28 Dismiss/Transfer. The Motion to Dismiss/Transfer is fully briefed and ready for this

Court's ruling. While the parties may disagree on the merits of the arguments in the Motion, they agree that the facts and law are set out in such a way that this Court can make a preliminary judgment as to their validity.

11.     The parties believe a stay is warranted because they will be able to avoid the cost and expense of written discovery and depositions that may be irrelevant depending on the outcome of the Motion to Dismiss/Transfer. Further, the Court will be relieved of expending further time and effort considering any discovery-related motions or protective orders.

11.     The parties agree and request that all discovery deadlines in this case, including the requirement to file a Discovery Plan, be stayed pending final resolution of the Motion to Dismiss/Transfer in this matter.

12.     Any party may file a written motion to lift stay at any time if either party determines it appropriate.

DATED this 16th day of February, 2018.          Dated this 16th day of February, 2018

LIPSON NEILSON, P.C.

                                                **Signature on next page**

By: /s/ Kaleb Anderson                          _____
JOSEPH P. GARIN, ESQ.                            RADHIKA POCHAMPALLY
(NV Bar No. 6653)                                Plaintiff in Pro Se
KALEB D. ANDERSON, ESQ.
(NV Bar No. 7582)
9900 Covington Cross Drive, Suite 120
Las Vegas, Nevada 89144
*Attorneys for Defendants, Jane C. Ettinger
Booth and Booth & Booth, APLC*

## ORDER

IT IS SO ORDERED

_____
UNITED STATES MAGISTRATE JUDGE

DATED:_____

11. The parties believe a stay is warranted because they will be able to avoid the cost and expense of written discovery and depositions that may be irrelevant depending on the outcome of the Motion to Dismiss/Transfer. Further, the Court will be relieved of expending further time and effort considering any discovery-related motions or protective orders.

11. The parties agree and request that all discovery deadlines in this case, including the requirement to file a Discovery Plan, be stayed pending final resolution of the Motion to Dismiss/Transfer in this matter.

12. Any party may file a written motion to lift stay at any time if either party determines it appropriate.

DATED this 16th day of February, 2018.
LIPSON NEILSON, P.C.

By: /s/ Kaleb Anderson
JOSEPH P. GARIN, ESQ.
(NV Bar No. 6653)
KALEB D. ANDERSON, ESQ.
(NV Bar No. 7582)
9900 Covington Cross Drive, Suite 120
Las Vegas, Nevada 89144
*Attorneys for Defendants, Jane C. Ettinger Booth and Booth & Booth, APLC*

Dated this 16th day of February, 2018

RADHIKA POCHAMP ALLY
Plaintiff in Pro Se

**ORDER**

IT IS SO ORDERED

UNITED STATES MAGISTRATE JUDGE

DATED: February 20, 2018

- 3 -

LIPSON NEILSON, P.C.
9900 Covington Cross Drive, Suite 120
Las Vegas, Nevada 89144
(702) 382-1500 – fax (702) 382-1512